

March 13, 2026

Hon. Lewis A. Kaplan, U.S.D.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

By Electronic Filing.

    Re:    Guzman v. The City of New York, et al, 25-cv-08908 (LAK)(KHP)

Dear Judge Kaplan:

    My firm, with co-counsel, represents Plaintiff in the case above. I write pursuant to the Court's Motion Rules and Procedures for discovery disputes to ask the Court to compel the City to produce the last known home and work addresses for Defendant Cozzolino.

    We are in an unusual situation in that, while the City will not agree to produce this information, it has stated in writing: "If you do file a motion to compel Cozzolino's address, we would take no position." The parties met and conferred on this issue and reached an impasse.

### Background and Discussion

    As the Court may recall, Plaintiff has previously moved to extend the deadline for service on Defendant Cozzolino,[1] pending discussions with counsel for the City about (essentially) whether Defendant Cozzolino would designate One Police Plaza to avoid the need for the City to disclose a personal address. We understand from counsel for the City that he has refused.

    Given that, we asked the City to produce — as discovery — his last known home and work addresses, so that we could serve him. The City initially refused, with counsel stating in sum and substance that NYPD was refusing to provide the address. When pressed for a privilege, basis, or any other justification, counsel said there was no privilege being asserted.

    At a meet and confer, we asked the City to reconsider, noting that this information was (1) obviously relevant, given the need to serve Defendant Cozzolino; (2) not privileged; (3) could be disclosed with a confidentiality designation under the Local Rule 83.10 protective order already in

---

[1] That motion, which the Court granted, also sought an extension as to Defendant Wright. ECF Nos. 10 and 11. Defendant Wright subsequently designated One Police Plaza for service, and service was accomplished. ECF No. 14.



place; and (4) given that we would inevitably seek mandatory Rule 37 fees if we were forced to make a motion, since there could be no justification for withholding this information.[2]

That meet and confer resulted in the position we received today: The City apparently "take[s] no position" on whether it will disclose the address indisputably necessary to accomplish service, but also will not disclose it voluntarily.

As far as the merits, there is little question the information is discoverable: "The requested information is relevant and necessary in order for Plaintiffs to serve process on Defendant[]" Cozzolino. *Burton v United States*, 2023 US Dist LEXIS 50728, at *4 (SDNY Mar. 24, 2023). *Accord, Riascos-Hurtado v. United States,* 2011 U.S. Dist. LEXIS 28008, at *1 (EDNY Mar. 17, 2011) (similar).[3] And as noted above, Defendant does not even assert it is not. Accordingly, the Court should grant the motion and compel production of Defendant Cozzolino's last known home and work addresses.

Last, the Court should award mandatory fees under Rule 37. Rule 37 provides that "if a motion to compel is granted, 'or if the disclosure or requested discovery is provided after the motion was filed — the court ***must*** . . . award reasonable motion expenses incurred in making the motion.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in *Underdog*). There are narrow exceptions to that rule when the movant doesn't meet and confer (37(a)(5)(A)(i)), where the non-disclosure is "substantially justified" ((A)(ii)), or where other circumstances make a mandatory award "unjust" ((A)(iii)). The only potentially applicable one is the "substantially justified" exception. But it is hard to see how opposition would be "substantially justified" when the City does not even oppose — it only refuses to disclose the document. And the City knew Plaintiff would seek these sanctions if it did not agree to provide the information sought.

So, as set out above, the Court should compel production of the addresses, and award fees. The time spent on this motion is minimal, and to avoid further dispute, I can represent I spent about three quarters of an hour on this motion (but will round that down to just the first 30 minutes) on this motion, at my standard rate of $575 per hour, making the request for $287.50.[4]

---

[2] To be absolutely clear, there is no animosity among counsel here, and none of this should be read to imply counsel of record is doing anything other than conveying the position of a client and working hard to find areas of compromise.

[3] These two cases also find that the protection from disclosure embodied in the Privacy Act of 1974, 5 U.S.C. § 552a(b)(11), does not prevent disclosure of a home address of a Federal employee for service purposes. Here, even that protection does not exist.

[4] Given the amount, the Court may wonder why bother.

We specifically ask for this because the unwillingness to provide discovery without a Court Order — even without any actual opposition — is not compatible with the Federal discovery regime. Rule 37 embodies a "deterrence principle." *Cine Forty-Second St. Theatre Corp. v Allied Artists Pictures Corp.*, 602 F2d 1062, 1068 (2d Cir. 1979) (*citing National Hockey League v Metro. Hockey Club*, 427 US 639, 642 (1976)). Discovery sanctions are designed "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Id.* at 643. It should not be viable — at least, not without a cost — for a party to refuse to provide information it concedes is

COHEN&GREEN    Page 2 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



        Respectfully submitted,

        /s/
        _____

J. Remy Green
   *Honorific/Pronouns:*
   *Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

---

discoverable (and necessary for the case to proceed, no less) and demand the Court spend its time issuing an order on that point.

COHEN&GREEN    Page 3 of 3

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com