UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- X

WINSTON GUZMAN,

Plaintiff,

-against-

THE CITY OF NEW YORK; NYPD OFFICER PAUL
COZZOLINO; NYPD OFFICER DERRICK WRIGHT;
NYPD SERGEANT JUDY DURAN; NYPD OFFICER
JOVAN HALL; NYPD SERGEANT JOSE CORDERO;
NYPD OFFICER JEAN SANTIAGO; NYPD OFFICER
FRANK ANNUNZIATA; NYPD SERGEANT DINO
VUCETOVIC; AND NYPD JOHN DOES 1-6,
                                              Defendants.
-------------------------------------------------------------------------- X

**ANSWER TO THE
COMPLAINT
ON BEHALF OF
DEFENDANTS
CITY OF NEW YORK, PAUL
COZZOLINO, DERRICK
WRIGHT, JOVAN HALL,
JOSE CORDERO, JEAN
SANTIAGO,  FRANK
ANNUNZIATA, AND DINO
VUCETOVIC**

25-CV-8908 (LAK)

**Jury Trial Demanded**

Defendants City of New York, Paul Cozzolino, Derrick Wright, Jovan Hall, Jose

Cordero, Jean Santiago, Frank Annunziata, and Dino Vucetovic, for their Answer to the Complaint

filed October 31, 2025, respectfully allege, upon information and belief, as follows:

## JURISDICTION AND VENUE

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that

Plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that

Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that

Plaintiff purports to base venue as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that

Plaintiff purports to proceed as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff's Claim Number 2024PI034493 was filed on October 28, 2024, or 92 days after the date of incident on July 28, 2024, meaning that it was *not* timely served. However, Plaintiff's separate Claim Number 202500149376 was filed on January 22, 2025, or 89 days after the date of incident on October 25, 2024, meaning that it *was* timely served.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit only that the claims asserted in the document purporting to be a Notice of Claim have not been adjusted or settled.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the Complaint was filed October 31, 2025.

### PARTIES

8. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York Police Department.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Officer Paul Cozzolino was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of police officer.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Officer Derrick Wright was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of police officer.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Sergeant Judy Duran was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of Sergeant.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Sergeant Jose Cordero was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of Sergeant.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Officer Jean Santiago was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of police officer.

15. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "16" of the Complaint.

17. Paragraph "17" is an averment of fact to which no response is required.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Officer Frank Annunziata was employed by the City of New York as a member of the New York City Police Department on October 24, 2024, and held the rank of police officer.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that Sergeant Dino Vucetovic was employed by the City of New York as a member of the

New York City Police Department on October 24, 2024, and held the rank of police officer.

20. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the Complaint.

21. Paragraph "21" is an averment of fact to which no response is required.

22. Paragraph "22" is an averment of fact to which no response is required.

23. Deny the allegations set forth paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

26. Deny the allegations set forth in paragraph "26" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

27. Deny the allegations set forth in paragraph "27" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

28. Deny the allegations set forth in paragraph "28" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

29. Deny the allegations set forth in paragraph "29" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

## STATEMENT OF FACTS

31. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the Complaint, except admit that July 28, 2024, was the Dominican Day Parade in the Bronx.

32. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the Complaint, except admit that on July 28, 2024, at about 5 p.m., near the intersection of 167th and Grand Concourse, police were present.

33. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "33" of the Complaint, except admit that Plaintiff recorded officers as they cleared the sidewalk, and that Plaintiff urged other pedestrians to disregard officers and to remain in the area.

34. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "34" of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "36" of the Complaint, except admit that Plaintiff came up close to Duran and recorded her with his phone.

37. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "37" of the Complaint, except admit that Plaintiff recorded Duran with his phone.

38. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "38" of the Complaint, except admit that Duran was engaged in crowd dispersal.

39. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "39" of the Complaint, except admit that Plaintiff was recording Duran within inches of her face.

40. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "40" of the Complaint, except admit that Duran did put her hand up to maintain safe distance between her and Plaintiff.

41. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "43" of the Complaint, except admit that officers moved to detain Plaintiff after he pushed Duran away from himself.

44. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "44" of the Complaint, except admit that Plaintiff was brought to the ground and placed in handcuffs.

45. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "45" of the Complaint, except admit that several offices helped effectuate the arrest.

46. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "46" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "47" of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "48" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "50" of the Complaint, except admit that Plaintiff was placed in handcuffs.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "52" of the Complaint, except admit that Plaintiff was obstructing crowd control efforts and urging other pedestrians not to disperse.

53. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "53" of the Complaint, except admit that Plaintiff's phone fell away from him as officers detained him.

54. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "54" of the Complaint, except admit that Plaintiff was escorted by officers to the 46th Precinct.

55. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "55" of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "57" of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that Plaintiff's property was seized.

60. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "60" of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "61" of the Complaint.

62. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "62" of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "63" of the Complaint, except admit that Plaintiff was charged by the Bronx District Attorney's Office with Obstructing Government Administration, Resisting Arrest, and Disorderly Conduct.

64. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "64" of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "65" of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "68" of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "69" of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "70" of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "71" of the Complaint.

72. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "72" of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "74" of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "75" of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "76" of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "77" of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "78" of the Complaint.

79. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "79" of the Complaint.

80. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "80" of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "81" of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "82" of the Complaint.

83. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "83" of the Complaint.

84. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "84" of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "85" of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "86" of the Complaint.

87. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "87" of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. In response to the allegations set forth in paragraph "92" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. In response to the allegations set forth in paragraph "98" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. In response to the allegations set forth in paragraph "102" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107.  In response to the allegations set forth in paragraph "107" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

108.  Deny the allegations set forth in paragraph "108" of the Complaint.

109.  Deny the allegations set forth in paragraph "109" of the Complaint.

110.  Deny the allegations set forth in paragraph "110" of the Complaint.

111.  Deny the allegations set forth in paragraph "111" of the Complaint.

112.  Deny the allegations set forth in paragraph "112" of the Complaint.

113.  Deny the allegations set forth in paragraph "113" of the Complaint.

114.  Deny the allegations set forth in paragraph "114" of the Complaint.

115.  Deny the allegations set forth in paragraph "115" of the Complaint.

116.  Deny the allegations set forth in paragraph "116" of the Complaint.

117.  Deny the allegations set forth in paragraph "117" of the Complaint.

118.  Deny the allegations set forth in paragraph "118" of the Complaint.

119.  In response to the allegations set forth in paragraph "119" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

120.  Deny the allegations set forth in paragraph "120" of the Complaint.

121.  Deny the allegations set forth in paragraph "121" of the Complaint.

122.  Deny the allegations set forth in paragraph "122" of the Complaint.

123.  Deny the allegations set forth in paragraph "123" of the Complaint.

124.    In response to the allegations set forth in paragraph "124" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

125.    Deny the allegations set forth in paragraph "125" of the Complaint.

126.    Deny the allegations set forth in paragraph "126" of the Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Complaint.

130.    In response to the allegations set forth in paragraph "130" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

131.    Deny the allegations set forth in paragraph "131" of the Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Complaint.

138.    In response to the allegations set forth in paragraph "138" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

139.    Deny the allegations set forth in paragraph "139" of the Complaint.

140.    Deny the allegations set forth in paragraph "140" of the Complaint.

141.    Deny the allegations set forth in paragraph "141" of the Complaint.

142.    Deny the allegations set forth in paragraph "142" of the Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations set forth in paragraph "144" of the Complaint.

145.    In response to the allegations set forth in paragraph "145" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

146.    Deny the allegations set forth in paragraph "146" of the Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Complaint.

148.    Deny the allegations set forth in paragraph "148" of the Complaint.

149.    Deny the allegations set forth in paragraph "149" of the Complaint.

150.    Deny the allegations set forth in paragraph "150" of the Complaint.

151.    Deny the allegations set forth in paragraph "151" of the Complaint.

152.    In response to the allegations set forth in paragraph "152" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

153.    Deny the allegations set forth in paragraph "153" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

154.    Deny the allegations set forth in paragraph "154" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

155.    Deny the allegations set forth in paragraph "155" of the Complaint insofar as it

contains averments of fact; insofar as it contains conclusions of law, no response is required.

156.    Deny the allegations set forth in paragraph "156" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

157.    Deny the allegations set forth in paragraph "157" of the Complaint.

158.    Deny the allegations set forth in paragraph "158" of the Complaint.

159.    Deny the allegations set forth in paragraph "159" of the Complaint.

160.    Deny the allegations set forth in paragraph "160" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

161.    Deny the allegations set forth in paragraph "161" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

162.    Deny the allegations set forth in paragraph "162" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

163.    Deny the allegations set forth in paragraph "163" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

164.    Deny the allegations set forth in paragraph "164" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

165. Deny the allegations set forth in paragraph "165" of the Complaint.

166. Deny the allegations set forth in paragraph "166" of the Complaint.

167. Deny the allegations set forth in paragraph "167" of the Complaint.

168. In response to the allegations set forth in paragraph "168" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

169. Deny the allegations set forth in paragraph "169" of the Complaint.

170. Deny the allegations set forth in paragraph "170" of the Complaint.

171. Deny the allegations set forth in paragraph "171" of the Complaint.

172. Deny the allegations set forth in paragraph "172" of the Complaint.

173. Deny the allegations set forth in paragraph "173" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

174. Deny the allegations set forth in paragraph "174" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

175. Deny the allegations set forth in paragraph "175" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

176. Deny the allegations set forth in paragraph "176" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

177. Deny the allegations set forth in paragraph "177" of the Complaint insofar as it

contains averments of fact; insofar as it contains conclusions of law, no response is required.

178. Deny the allegations set forth in paragraph "178" of the Complaint.

179. In response to the allegations set forth in paragraph "179" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

180. Deny the allegations set forth in paragraph "180" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

181. Deny the allegations set forth in paragraph "181" of the Complaint.

182. Deny the allegations set forth in paragraph "182" of the Complaint.

183. Deny the allegations set forth in paragraph "183" of the Complaint.

184. Deny the allegations set forth in paragraph "184" of the Complaint.

185. Deny the allegations set forth in paragraph "185" of the Complaint.

186. In response to the allegations set forth in paragraph "186" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

187. Deny the allegations set forth in paragraph "187" of the Complaint.

188. Deny the allegations set forth in paragraph "188" of the Complaint.

189. Deny the allegations set forth in paragraph "189" of the Complaint.

190. Deny the allegations set forth in paragraph "32" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

191. Deny the allegations set forth in paragraph "191" of the Complaint.

192. Deny the allegations set forth in paragraph "192" of the Complaint.

193. Deny the allegations set forth in paragraph "193" of the Complaint.

194. Deny the allegations set forth in paragraph "194" of the Complaint.

195. Deny the allegations set forth in paragraph "195" of the Complaint.

196. Paragraph "196" is an averment of fact to which no response is required.

197. Deny the allegations set forth in paragraph "197" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST DEFENSE / AFFIRMATIVE DEFENSE:

198. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE / AFFIRMATIVE DEFENSE:

199. Defendants has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD DEFENSE / AFFIRMATIVE DEFENSE:

200. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant City.

### AS AND FOR A FOURTH DEFENSE / AFFIRMATIVE DEFENSE:

201. Plaintiff failed to mitigate his alleged damages.

### AS AND FOR A FIFTH DEFENSE / AFFIRMATIVE DEFENSE:

202. Punitive damages cannot be assessed against defendant City of New York.

### AS AND FOR A SIXTH DEFENSE / AFFIRMATIVE DEFENSE:

203.    Defendants Cozzolino, Wright, Hall, Cordero, Santiago, Annunziata, and Vucetovic have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, they are entitled to qualified immunity.

### AS AND FOR A SEVENTH DEFENSE / AFFIRMATIVE DEFENSE:

204.    There was probable cause for plaintiff's arrests, detentions and prosecutions.

### AS AND FOR AN EIGHTH DEFENSE / AFFIRMATIVE DEFENSE

205.    Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

### AS AND FOR AN NINTH DEFENSE / AFFIRMATIVE DEFENSE

206.    Plaintiff's claims are barred, in part, by the applicable statutes of limitations.

207.    At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

### AS AND FOR AN TENTH DEFENSE / AFFIRMATIVE DEFENSE

208.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** Defendants City, Cozzolino, Wright, Hall, Cordero, Santiago, Annunziata, and Vucetovic requests judgment dismissing the Complaint in its entirety, together

with the costs and disbursements of this action, and such other and further relief as the Court

may deem just and proper.

Dated:     New York, New York
           April 17, 2026

                                      STEVEN BANKS
                                      Corporation Counsel of the City of New York
                                      *Attorney for Defendants, City, Cozzolino, Wright,*
                                      *Hall, Cordero, Santiago, Annunziata, and Vucetovic*
                                      100 Church Street
                                      New York, NY 10007
                                      (212) 356-2557
                           By:        /s/ *Torvari Williams*
                                      Torvari Williams
                                      *Assistant Corporation Counsel*


cc:     **VIA ECF**
**Remy Green**
Cohen & Green P.L.L.C.
1639 Centre Street
Suite 216
Ridgewood, NY 11385
929-888-9480
Fax: 929-888-9457
Email: remy@femmelaw.com


**Regina Yu**
Cohen & Green PLLC
1639 Centre St
Suite 216
Ridgewood, NY 11385
603-289-5455
Fax: 929-888-9457
Email: regina@femmelaw.com