UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X

WINSTON GUZMAN,

                                  Plaintiff,

                -against-

THE CITY OF NEW YORK; NYPD OFFICER PAUL
COZZOLINO; NYPD OFFICER DERRICK WRIGHT;
NYPD SERGEANT JUDY DURAN; NYPD OFFICER
JOVAN HALL; NYPD SERGEANT JOSE CORDERO;
NYPD OFFICER JEAN SANTIAGO; NYPD OFFICER
FRANK ANNUNZIATA; NYPD SERGEANT DINO
VUCETOVIC; AND NYPD JOHN DOES 1-6,
                                  Defendants.

------------------------------------------------------------------------- X

**ANSWER TO THE
COMPLAINT
ON BEHALF OF DEFENDANT
JUDY DURAN**

25-CV-8908 (LAK)

**Jury Trial Demanded**

       Defendant Judy Duran, for her Answer to the Complaint filed October 31, 2025,

respectfully allege, upon information and belief, as follows:

## JURISDICTION AND VENUE

1. Denies the allegations set forth in paragraph "1" of the Complaint, except Admits that

    Plaintiff purports to proceed as stated therein.

2. Denies the allegations set forth in paragraph "2" of the Complaint, except Admits that

    Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except Admits that

    Plaintiff purports to base venue as stated therein.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except Admits that

    Plaintiff purports to proceed as stated therein.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except Admits that

    Plaintiff's Claim Number 2024PI034493 was filed on October 28, 2024, or 92 days

after the date of incident on July 28, 2024, meaning that it was *not* timely served. However, Plaintiff's separate Claim Number 202500149376 was filed on January 22, 2025, or 89 days after the date of incident on October 25, 2024, meaning that it *was* timely served.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except Admits only that the claims asserted in the document purporting to be a Notice of Claim have not been adjusted or settled.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except Admits that the Complaint was filed October 31, 2025.

**PARTIES**

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "8" of the Complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except Admits that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York Police Department.

10. Denies the allegations set forth in paragraph "10" of the Complaint, except Admits that Officer Paul Cozzolino was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of police officer.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except Admits that Officer Derrick Wright was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of police officer.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except Admits that Sergeant Judy Duran was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of Sergeant.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except Admits that Sergeant Jose Cordero was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of Sergeant.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except Admits that Officer Jean Santiago was employed by the City of New York as a member of the New York City Police Department on July 28, 2024, and held the rank of police officer.

15. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "16" of the Complaint.

17. Paragraph "17" is an averment of fact to which no response is required.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except Admits that Officer Frank Annunziata was employed by the City of New York as a member of the New York City Police Department on October 24, 2024, and held the rank of police officer.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except Admits that Sergeant Dino Vucetovic was employed by the City of New York as a member of the New York City Police Department on October 24, 2024, and held the rank of police officer.

20. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "20" of the Complaint.

21. Paragraph "21" is an averment of fact to which no response is required.

22. Paragraph "22" is an averment of fact to which no response is required.

23. Denies the allegations set forth paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

26. Denies the allegations set forth in paragraph "26" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

27. Denies the allegations set forth in paragraph "27" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

28. Denies the allegations set forth in paragraph "28" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

29. Denies the allegations set forth in paragraph "29" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

**STATEMENT OF FACTS**

31. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "31" of the Complaint, except Admits that July 28, 2024, was the Dominican Day Parade in the Bronx.

32. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "32" of the Complaint, except Admits that on July 28, 2024, at about 5 p.m., near the intersection of 167th and Grand Concourse, police were present.

33. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "33" of the Complaint, except Admits that Plaintiff recorded officers as they cleared the sidewalk, and that Plaintiff urged other pedestrians to disregard officers and to remain in the area.

34. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "36" of the Complaint, except Admits that Plaintiff came up close to Duran and recorded her with his phone.

37. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "37" of the Complaint, except Admits that Plaintiff recorded Duran with his phone.

38. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "38" of the Complaint, except Admits that Duran was engaged in crowd dispersal.

39. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "39" of the Complaint, except Admits that Plaintiff was recording Duran within inches of her face.

40. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "40" of the Complaint, except Admits that Duran did put her hand up to maintain safe distance between her and Plaintiff.

41. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "41" of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "42" of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "43" of the Complaint, except Admits that officers moved to detain Plaintiff after he pushed Duran away from himself.

44. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "44" of the Complaint, except Admits that Plaintiff was brought to the ground and placed in handcuffs.

45. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "45" of the Complaint, except Admits that several offices helped effectuate the arrest.

46. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "46" of the Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "47" of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "48" of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "49" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "50" of the Complaint, except Admits that Plaintiff was placed in handcuffs.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "52" of the Complaint, except Admits that Plaintiff was obstructing crowd control efforts and urging other pedestrians not to disperse.

53. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "53" of the Complaint, except Admits that Plaintiff's phone fell away from him as officers detained him.

54. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "54" of the Complaint, except Admits that Plaintiff was escorted by officers to the 46th Precinct.

55. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "55" of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "56" of the Complaint.

57. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "57" of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "58" of the Complaint.

59. Denies the allegations set forth in paragraph "59" of the Complaint, except Admits that Plaintiff's property was seized.

60. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "60" of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "61" of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "62" of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "63" of the Complaint, except Admits that Plaintiff was charged by the Bronx District Attorney's Office with Obstructing Government Administration, Resisting Arrest, and Disorderly Conduct.

64. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "64" of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "65" of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "66" of the Complaint.

67. Denies the allegations set forth in paragraph "67" of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "68" of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "69" of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "70" of the Complaint.

71. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "71" of the Complaint.

72. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "72" of the Complaint.

73. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "73" of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "74" of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "75" of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "76" of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "77" of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "78" of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "79" of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "80" of the Complaint.

81. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "81" of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "82" of the Complaint.

83. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "83" of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "84" of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "85" of the Complaint.

86. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "86" of the Complaint.

87. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "87" of the Complaint.

88. Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "88" of the Complaint.

89. Denies the allegations set forth in paragraph "89" of the Complaint.

90. Denies the allegations set forth in paragraph "90" of the Complaint.

91. Denies the allegations set forth in paragraph "91" of the Complaint.

92. In response to the allegations set forth in paragraph "92" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

93. Denies the allegations set forth in paragraph "93" of the Complaint.

94. Denies the allegations set forth in paragraph "94" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

95. Denies the allegations set forth in paragraph "95" of the Complaint.

96. Denies the allegations set forth in paragraph "96" of the Complaint.

97. Denies the allegations set forth in paragraph "97" of the Complaint.

98. In response to the allegations set forth in paragraph "98" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

99. Denies the allegations set forth in paragraph "99" of the Complaint.

100. Denies the allegations set forth in paragraph "100" of the Complaint.

101. Denies the allegations set forth in paragraph "101" of the Complaint.

102. In response to the allegations set forth in paragraph "102" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

103. Denies the allegations set forth in paragraph "103" of the Complaint.

104. Denies the allegations set forth in paragraph "104" of the Complaint.

105.    Denies the allegations set forth in paragraph "105" of the Complaint.

106.    Denies the allegations set forth in paragraph "106" of the Complaint.

107.    In response to the allegations set forth in paragraph "107" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

108.    Denies the allegations set forth in paragraph "108" of the Complaint.

109.    Denies the allegations set forth in paragraph "109" of the Complaint.

110.    Denies the allegations set forth in paragraph "110" of the Complaint.

111.    Denies the allegations set forth in paragraph "111" of the Complaint.

112.    Denies the allegations set forth in paragraph "112" of the Complaint.

113.    Denies the allegations set forth in paragraph "113" of the Complaint.

114.    Denies the allegations set forth in paragraph "114" of the Complaint.

115.    Denies the allegations set forth in paragraph "115" of the Complaint.

116.    Denies the allegations set forth in paragraph "116" of the Complaint.

117.    Denies the allegations set forth in paragraph "117" of the Complaint.

118.    Denies the allegations set forth in paragraph "118" of the Complaint.

119.    In response to the allegations set forth in paragraph "119" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

120.    Denies the allegations set forth in paragraph "120" of the Complaint.

121.    Denies the allegations set forth in paragraph "121" of the Complaint.

122.    Denies the allegations set forth in paragraph "122" of the Complaint.

123.    Denies the allegations set forth in paragraph "123" of the Complaint.

124. In response to the allegations set forth in paragraph "124" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

125. Denies the allegations set forth in paragraph "125" of the Complaint.

126. Denies the allegations set forth in paragraph "126" of the Complaint.

127. Denies the allegations set forth in paragraph "127" of the Complaint.

128. Denies the allegations set forth in paragraph "128" of the Complaint.

129. Denies the allegations set forth in paragraph "129" of the Complaint.

130. In response to the allegations set forth in paragraph "130" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

131. Denies the allegations set forth in paragraph "131" of the Complaint.

132. Denies the allegations set forth in paragraph "132" of the Complaint.

133. Denies the allegations set forth in paragraph "133" of the Complaint.

134. Denies the allegations set forth in paragraph "134" of the Complaint.

135. Denies the allegations set forth in paragraph "135" of the Complaint.

136. Denies the allegations set forth in paragraph "136" of the Complaint.

137. Denies the allegations set forth in paragraph "137" of the Complaint.

138. In response to the allegations set forth in paragraph "138" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

139. Denies the allegations set forth in paragraph "139" of the Complaint.

140. Denies the allegations set forth in paragraph "140" of the Complaint.

141.    Denies the allegations set forth in paragraph "141" of the Complaint.

142.    Denies the allegations set forth in paragraph "142" of the Complaint.

143.    Denies the allegations set forth in paragraph "143" of the Complaint.

144.    Denies the allegations set forth in paragraph "144" of the Complaint.

145.    In response to the allegations set forth in paragraph "145" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

146.    Denies the allegations set forth in paragraph "146" of the Complaint.

147.    Denies the allegations set forth in paragraph "147" of the Complaint.

148.    Denies the allegations set forth in paragraph "148" of the Complaint.

149.    Denies the allegations set forth in paragraph "149" of the Complaint.

150.    Denies the allegations set forth in paragraph "150" of the Complaint.

151.    Denies the allegations set forth in paragraph "151" of the Complaint.

152.    In response to the allegations set forth in paragraph "152" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

153.    Denies the allegations set forth in paragraph "153" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

154.    Denies the allegations set forth in paragraph "154" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

155.    Denies the allegations set forth in paragraph "155" of the Complaint insofar as it

contains averments of fact; insofar as it contains conclusions of law, no response is required.

156.    Denies the allegations set forth in paragraph "156" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

157.    Denies the allegations set forth in paragraph "157" of the Complaint.

158.    Denies the allegations set forth in paragraph "158" of the Complaint.

159.    Denies the allegations set forth in paragraph "159" of the Complaint.

160.    Denies the allegations set forth in paragraph "160" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

161.    Denies the allegations set forth in paragraph "161" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

162.    Denies the allegations set forth in paragraph "162" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

163.    Denies the allegations set forth in paragraph "163" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

164.    Denies the allegations set forth in paragraph "164" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

165.    Denies the allegations set forth in paragraph "165" of the Complaint.

166.    Denies the allegations set forth in paragraph "166" of the Complaint.

167.    Denies the allegations set forth in paragraph "167" of the Complaint.

168.    In response to the allegations set forth in paragraph "168" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

169.    Denies the allegations set forth in paragraph "169" of the Complaint.

170.    Denies the allegations set forth in paragraph "170" of the Complaint.

171.    Denies the allegations set forth in paragraph "171" of the Complaint.

172.    Denies the allegations set forth in paragraph "172" of the Complaint.

173.    Denies the allegations set forth in paragraph "173" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

174.    Denies the allegations set forth in paragraph "174" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

175.    Denies the allegations set forth in paragraph "175" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

176.    Denies the allegations set forth in paragraph "176" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

177.    Denies the allegations set forth in paragraph "177" of the Complaint insofar as it

contains averments of fact; insofar as it contains conclusions of law, no response is required.

178. Denies the allegations set forth in paragraph "178" of the Complaint.

179. In response to the allegations set forth in paragraph "179" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

180. Denies the allegations set forth in paragraph "180" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

181. Denies the allegations set forth in paragraph "181" of the Complaint.

182. Denies the allegations set forth in paragraph "182" of the Complaint.

183. Denies the allegations set forth in paragraph "183" of the Complaint.

184. Denies the allegations set forth in paragraph "184" of the Complaint.

185. Denies the allegations set forth in paragraph "185" of the Complaint.

186. In response to the allegations set forth in paragraph "186" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

187. Denies the allegations set forth in paragraph "187" of the Complaint.

188. Denies the allegations set forth in paragraph "188" of the Complaint.

189. Denies the allegations set forth in paragraph "189" of the Complaint.

190. Denies the allegations set forth in paragraph "32" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

191.    Denies the allegations set forth in paragraph "191" of the Complaint.

192.    Denies the allegations set forth in paragraph "192" of the Complaint.

193.    Denies the allegations set forth in paragraph "193" of the Complaint.

194.    Denies the allegations set forth in paragraph "194" of the Complaint.

195.    Denies the allegations set forth in paragraph "195" of the Complaint.

196.    Paragraph "196" is an averment of fact to which no response is required.

197.    Denies the allegations set forth in paragraph "197" of the Complaint, except Admits that Plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST DEFENSE / AFFIRMATIVE DEFENSE:

198.    The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE / AFFIRMATIVE DEFENSE:

199.    Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD DEFENSE / AFFIRMATIVE DEFENSE:

200.    Plaintiff failed to mitigate his alleged damages.

### AS AND FOR A FOURTH DEFENSE / AFFIRMATIVE DEFENSE:

201.    Defendant Duran have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, she is entitled to qualified immunity.

### AS AND FOR A FIFTH DEFENSE / AFFIRMATIVE DEFENSE:

202.    There was probable cause for plaintiff's arrests, detentions and prosecutions.

**AS AND FOR AN SIXTH DEFENSE / AFFIRMATIVE DEFENSE**

203.    Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

**AS AND FOR AN SEVENTH DEFENSE / AFFIRMATIVE DEFENSE**

204.    Plaintiff's claims are barred, in part, by the applicable statutes of limitations.

**AS AND FOR AN EIGHTH DEFENSE / AFFIRMATIVE DEFENSE**

205.    At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.


**WHEREFORE,** Defendant Judy Duran requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              May 7, 2026

                                    STEVEN BANKS
                                    Corporation Counsel of the City of New York
                                    *Attorney for Defendant Duran*
                                    100 Church Street
                                    New York, NY 10007
                                    (212) 356-2557
                        By:    /s/ *Torvari Williams*
                                    Torvari Williams
                                    *Assistant Corporation Counsel*


cc:    **VIA ECF**
**Remy Green**
Cohen & Green P.L.L.C.
1639 Centre Street
Suite 216
Ridgewood, NY 11385
929-888-9480
Fax: 929-888-9457
Email: remy@femmelaw.com

**Regina Yu**
Cohen & Green PLLC
1639 Centre St
Suite 216
Ridgewood, NY 11385
603-289-5455
Fax: 929-888-9457
Email: regina@femmelaw.com