Case 1:25-cv-08908-LAK Document 29 Filed 08/21/26 Page 1 of 2

MEMORANDUM ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: 8/24/2026

STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 Church Street
NEW YORK, NY 10007

TORVARI WILLIAMS
Phone: (212) 356-2557
Fax: (212) 356-3509
Tovwilli@law.nyc.gov
*Assistant Corporation Counsel*

August 21, 2026

<u>VIA ECF</u>
Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: <u>Winston Guzman, et al., v. City of New York et al., 25-CV-08908 (LAK)</u>

Your Honor:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Derrick Wright, Jovan Hall, Jose Cordero, Jean Santiago, Frank Annunziata, Dino Vucetovic, and Judy Duran in the above-referenced action. I write to respectfully request a thirty day enlargement of time from August 21, 2026, to and including September 21, 2026, for defendants answer or otherwise respond to the First Amended Complaint, until all defendants have been served, in the interest of judicial efficiency. This is the first request of its kind. Plaintiff consents.

By way of background, plaintiff claims, *inter alia*, that he was subjected to false arrest and excessive force on July 28, 2024 and October 25, 2024. In addition to the City of New York, plaintiff name Police Officers Paul Cozzolino, Derrick Wright, Judy Duran, Jovan Hall, Jose Cordero, Jean Santiago, Frank Annunziata, Dino Vucetovic, Sergeant Judy Duran, and unidentified police officers as defendants.

On August 7, 2026, plaintiff filed his First Amended Complaint, which added an additional April 12, 2026 date of incident and joined defendants Bettina Demosthenes, Harold Thompson, and Melvin Ponce (ECF No. 24). Summons were issued on Bettina Demosthenes, Harold Thompson, and Melvin Ponce on August 17, 2026. (ECF No. 28). According to the docket, no further summons have been issued with respect to any other defendant. Plaintiff has not provided defendants a 160.50 release for the newly added, April 12, 2026 criminal case or a HIPPA release in accordance with the practice of this Office. As such this Office is unable to access the records underlying the incidents as Plaintiff alleges the criminal case was ultimately dismissed.

Based on the allegations in the First Amended Complaint, there are several reasons for seeking an enlargement of time in this matter. First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, the City needs time to investigate the allegations in the First Amended Complaint.

Case 1:25-cv-08908-LAK Document 29 Filed 08/21/26 Page 2 of 2

This will require the City to obtain underlying paperwork relating to Plaintiff and his new claims, as well as to attempt to speak with City employees who may have information relating to Plaintiff's new claims. The enlargement proposed herein should allow sufficient time to collect the underlying documents, adequately review their contents, and finalize representation of the individual defendants prior to filing a responsive pleading in this matter.

This Office requests that, should the newly joined individual defendants be served, the Court *sua sponte* provide them with the same extension. Pursuant to Section 50-k of the New York General Municipal Law and based on a review of the case, if the individuals are served, this Office must determine whether it will represent the individually named defendants in this action. The individually named defendants must then decide whether they wish to be represented by this Office. If so, this Office must obtain their written authorization. Only after this process has been followed can this Office determine how to proceed in this case. See General Municipal Law § 50(k); see also Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law).

Accordingly, and for the reasons set forth above, defendants respectfully request a 30-day extension of time to answer or otherwise respond to the First Amended Complaint, until all defendants have been served, in the interest of judicial efficiency.

Thank you for your consideration herein.

Very truly yours,
_/s/ Torvari Williams
Torvari Williams
Assistant Corporation Counsel

**cc: VIA ECF**
Counsels of Records (By ECF)

**Granted.**

SO ORDERED

Lewis A. Kaplan, USDJ

Dated: August 24, 2026