Case 1:25-cv-08908-LAK Document 33 Filed 10/14/26 Page 1 of 2

MEMO ENDORSED

STEVEN BANKS
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

RANDY NANDLALL
*Assistant Corporation Counsel*
Tel.: (212) 356-2356
Fax: (212) 356-3509
mandlal@law.nyc.gov

October 14, 2026

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________
DATE FILED: 10/15/26

Re: Winston Guzman v. City of New York et al.,
25-CV-08908 (LAK)

Your Honor:

I am an Assistant Corporation Counsel in the office of Steven Banks, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Derrick Wright, Jovan Hall, Jose Cordero, Jean Santiago, Frank Annunziata, Dino Vucetovic, and Judy Duran in the above-referenced action. I write to respectfully request a *nunc pro tunc* forty five day enlargement of time for all defendants to November 27, 2026, to respond to the First Amended Complaint, in the interest of judicial efficiency. This is the second request and plaintiff consents. The undersigned apologizes for not writing earlier as I was just assigned to the case.

By way of background, plaintiff claims, *inter alia*, that he was subjected to false arrest and excessive force on July 28, 2024, October 25, 2024, and April 12, 2026. In addition to the City of New York, plaintiff named Police Officers Paul Cozzolino, Derrick Wright, Judy Duran, Jovan Hall, Jose Cordero, Jean Santiago, Frank Annunziata, Dino Vucetovic, Sergeant Judy Duran, and unidentified police officers as defendants. On August 7, 2026, plaintiff filed his First Amended Complaint, which added an additional April 12, 2026 date of incident and joined defendants Bettina Demosthenes, Harold Thompson, and Melvin Ponce. *See* ECF No. 24. Summons were issued on Bettina Demosthenes, Harold Thompson, and Melvin Ponce on August 17, 2026. (ECF No. 28). On October 6, 2026, plaintiff filed an affidavit of service for defendants Demosthenes, Ponce, and Thompson. *See* ECF No. 31.

Based on the allegations in the Complaint, there are several reasons for seeking an enlargement of time in this matter. First, in accordance with this Office's obligations under Rule 11 of the Federal Rules of Civil Procedure, the City needs time to investigate the allegations in the First Amended Complaint. This will require the City to obtain underlying paperwork relating to Plaintiff and his new claims, as well as to attempt to speak with City employees who may have

Case 1:25-cv-08908-LAK Document 33 Filed 10/14/26 Page 2 of 2

information relating to Plaintiff's new claims. The enlargement proposed herein should allow sufficient time to collect the underlying documents, adequately review their contents, and finalize representation of the individual defendants prior to filing a responsive pleading in this matter. Further, as the undersigned was just assigned to this matter additional time is needed to understand the case and the April 12, 2026 incident which our office recently received a relevant release for.

Additionally, this Office requests that, as the newly named individuals have not been represented yet by this office, that the Court *sua sponte* provide them with the same extension. Pursuant to Section 50-k of the New York General Municipal Law and based on a review of the case, if the individuals are served, this Office must determine whether it will represent the individually named defendants in this action. The individually named defendants must then decide whether they wish to be represented by this Office. If so, this Office must obtain their written authorization. Only after this process has been followed can this Office determine how to proceed in this case. See General Municipal Law § 50(k); see also Mercurio v. City of New York, 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law).

Accordingly, and for the reasons set forth above, defendants respectfully request a *nunc pro tunc* 45-day extension of time to November 27, 2026 for all defendant answer or otherwise respond to the First Amended Complaint.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Randy Nandlall*
Randy Nandlall
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc: **VIA ECF**
All attorneys of record

Granted
LAK
10/15/26